# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SNYDERS HEART VALVE LLC, <br> Plaintiff, <br> <br> V. <br> <br> ST. JUDE MEDICAL S.C., INC., ET AL., <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> <br> CASE NO. 4:16CV812 <br> Judge Mazzant/Judge Johnson |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On August 29, 2017, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations (*see* Dkt. #165) that Defendants St. Jude Medical S.C., Inc., St. Jude Medical, Cardiology Division, Inc., and St. Jude Medical, LLC's (collectively "Defendants") "Motion to Reconsider the Court's May 12, 2017 Order Denying St. Jude's Motion to Dismiss for Improper Venue (Dkt. #98) and St. Jude's Renewal of Same" (the "Motion to Reconsider") (Dkt. #110, Sealed) be **DENIED**.

Defendants, as well as Plaintiff Snyders Heart Valve LLC, filed objections to the report (*see* Dkt. #170 and #171, respectively). Additionally, Plaintiff filed a response to Defendants' objections (*see* Dkt. #175), and Defendants filed a response to Plaintiff's objections (*see* Dkt. #177). The Court has made a *de novo* review of the objections raised by both Defendants and Plaintiff and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

Plaintiff's objections relate only to the portion of the Magistrate Judge's report rejecting Plaintiff's argument that the Supreme Court's holding in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017) is inapplicable to the Eastern District of Texas because under 28 U.S.C. § 1391(d) of the general venue statute, Texas is a state with multiple districts. Plaintiff reasserted the argument that because *TC Heartland* arose from an action filed in the District Court for the District of Delaware, a state with only one judicial district, the Supreme Court intended that its *TC Heartland* holding only apply to § 1391(c) and not § 1391(d). Under Plaintiff's theory, venue is proper in the District because Defendants are subject to the Court's personal jurisdiction pursuant to § 1391(d).

Although the Court acknowledges that Plaintiff makes an interesting statutory interpretation argument concerning the differences between § 1391(c) and § 1391(d), Plaintiff cites no case law—nor has the Court's independent research located any—to support its argument that § 1391(d) trumps § 1400(b). Despite the fact that *TC Heartland* addressed venue arising under § 1391(c), the Court agrees with the Magistrate Judge's finding that § 1391's savings clause applies to § 1391(d). *See* § 1391(a) ("Except as otherwise provided by law— . . . this section shall govern the venue of all civil actions . . . ."). As the Supreme Court stated, "[it is] clear that the savings clause applies to the entire 'section'" and "expressly contemplates that certain venue statutes may contain definitions of 'resides' that conflict with its default definition." *TC Heartland*, 137 S. Ct. at 1521. Based on the foregoing, the Court finds no error in the Magistrate Judge's conclusion, and Plaintiff's objections are overruled.

Defendants object to the report because the Magistrate Judge failed to place the burden on Plaintiff to prove acts of infringement in the District. Defendants appear to take issue with the Magistrate Judge's finding that the second prong of § 1400(b) was met because Defendants

stipulated they would not contest having sold accused products in this District, but that any such sales are subject to the safe harbor protection of 35 U.S.C. § 271(e)(1). As the report makes clear, the Magistrate Judge's finding was based on the fact that the Section 271(e)(1) safe harbor is an affirmative defense, and Plaintiff should not have to negate Defendants' affirmative defense to overcome Defendants' venue challenge. The Court agrees with the Magistrate Judge's conclusion. "Where the jurisdictional issue cannot be decided without the ruling constituting at the same time a ruling on the merits of the case, the case should be heard and determined on its merits through regular trial procedure." *McBeath v. Inter-Am. Citizens for Decency Comm.*, 374 F.2d 359, 363 (5th Cir. 1967). Accordingly, Defendants objections are also overruled.

Therefore, Defendants Motion to Reconsider (Dkt. #110, Sealed) is **DENIED**.

**It is SO ORDERED.**

SIGNED this 12th day of October, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE